THE CITY OF JACKSONVILLE, Plaintiff and Counterdefendant-Appellee, v. JOHN COOP, Defendant and Counterplaintiff-Appellant.

Fourth District   No. 4—88—0317

Opinion filed November 23, 1988.

Steven W. Berg, of Berg & Robeson, P.C., of Springfield, for appellant.

Eddie Carpenter, of Jacksonville, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On April 8, 1988, the circuit court of Morgan County entered judgment in favor of plaintiff City of Jacksonville (City) and against defendant John Coop in the sum of $1,628.79. The court further dismissed a counterclaim filed by the defendant. Defendant appeals from this decision, and we affirm.

Section 1 of "An Act to provide for the continuation of compensation for law enforcement officers, correctional officers and firemen who suffer disabling injury in the line of duty" (Act) states as follows:

"Whenever any \*\*\* fireman \*\*\* who is employed on a full time basis by \*\*\* any unit of local government \*\*\* suffers any *injury in the line of duty* which causes him to be unable to perform his duties, he *shall continue to be paid* by the employing public entity *on the same basis* as he was paid before the injury, *with no deduction from his sick leave credits* \*\*\*.
\*\*\*

\*\*\* *Any salary compensation* due the injured person from workers' compensation or any salary due him from any type of insurance which may be carried by the employing public entity *shall revert to that entity* during the time for which continuing compensation is paid to him under this Act." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 70, par. 91.

The evidence is undisputed that defendant was and is a fireman for the City. Defendant injured his right knee and was unable to perform his duties from October 8, 1986, through December 13, 1986. Plaintiff continued to pay defendant during that period on the same basis as he was paid before his injury. However, because the City initially thought his injury was not work related, it deducted from defendant's sick leave credits for the time he was absent. Upon further investigation, it was determined defendant's injury was, in fact, work related.

Plaintiff stated in its complaint that it reinstated defendant's credits after that determination was made, but it later admitted it did not make such reinstatement. However, the evidence indicates city employees do not accumulate sick leave credits from year to year. Defendant had six sick leave credits remaining at the end of 1986 and received a new set of 30 sick leave credits at the beginning of 1987.

During his period of absence, defendant received two drafts as compensation under the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, pars. 138.1 through 138.30). Defendant retained and deposited the first check totalling $1,628.79. Defendant endorsed and delivered the second check for $1,312.08 to the City. The City filed suit against defendant, claiming it was entitled to the $1,628.79 received by defendant. Defendant counterclaimed, contending the City should be required to return to him the $1,312.08 it erroneously required him to deliver to it because it had deducted his sick time credits during his time off work. The instant appeal resulted after the court entered judgment in favor of plaintiff on its complaint and dismissed defendant's counterclaim.

■ The Act indicates a legislative intention to provide continued

compensation to firemen like defendant who are injured in the line of duty. However, a provision denying entitlement of the employee to other salary compensation benefits clearly indicates a legislative intent that an injured employee not receive double compensation. This is borne out by the following explanation made on the floor of the House of Representatives at the time an amendment was presented which would prevent an injured employee from receiving full salary under the Act and also benefits under the Illinois Pension Code (Ill. Rev. Stat. 1973, ch. 108½, par. 1—101 *et seq.*):

> "Yes, Mr. Speaker and Ladies and Gentlemen of the House, this is not a Committee Amendment, but it is an Amendment that I agreed to in Committee to get the House, the Bill out of the House and all it does is clarify the language and make it very clear that a person who has a disability does not collect from two funds. I move the adoption of Amendment No. 1 to Senate Bill 258." Ill. Gen. Assem., House Proceeding, June 28, 1973, at 47 (statements of Representative Philip).

While plaintiff should have reinstated defendant's sick leave credits in order to fully comply with the plain language of the statute, defendant was not prejudiced by the failure to do so, as those credits were not needed in that year and could not be accumulated. To allow defendant to keep one or both of the workers' compensation payments made to compensate for lost salary and also to keep the salary would permit the double recovery which the Act seeks to prevent.

For the reasons stated, the judgment of the circuit court of Morgan County is affirmed in all respects.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.